# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LAFARGE BUILDING :
MATERIALS, INC., :
                               :
    Plaintiff, :
                               : CIVIL ACTION NO.
v. : 1:09-CV-3249-RWS
                               :
FEDERAL INSURANCE :
COMPANY and CLEVELAND :
CONSTRUCTION, INC., :
    Defendants.

## **ORDER**

This case comes before the Court on Plaintiff Lafarge Building Materials, Inc. ("Plaintiff")'s Motion for Partial Summary Judgment [66]. After holding a hearing and reviewing the record, the Court enters the following Order.

## **Background**[1]

This case arises out of Plaintiff's provision of building materials to its customer, Michael B. Cline d/b/a Clinecrete (hereinafter "Clinecrete"), for which Plaintiff contends it never received payment. Plaintiff supplied Clinecrete with materials in the amount of $67,189.51 for use in a project

---

[1] Except where otherwise indicated, the following facts are undisputed.

known as "Wal-Mart Store Number 3261 and the Chamblee Village Retail Shops" (the "Property"). (Pls.' Statement of Material Facts as to which There Are No Genuine Issues to be Tried ("Pl.'s SMF"), Dkt. [66-1] ¶ 1.) Plaintiff delivered the materials to the Property, where they were incorporated into improvements thereon. (Id.) The last date on which Plaintiff delivered these materials to the Property was August 21, 2006. (Id. ¶ 2.) Plaintiff supplied additional building materials in the amount of $25,719.51 to Clinecrete, which also were incorporated into improvements on the Property. (Id. ¶ 6.) The last date on which Plaintiff delivered these materials to the Property was August 29, 2006.[2] (Id. ¶ 7.)

---

[2] Defendants purport to dispute the foregoing facts on grounds that Plaintiff's affiant, Linda Bobo, has no personal knowledge of the facts to which she attests–including the value of the materials Plaintiff delivered to the Property and whether they actually were incorporated into improvements thereon. (See, e.g., Defs.' Resp. to Pl.'s SMF, Dkt. [67-2] ¶ 1; Defs.' Mem. in Resp. to Pl.'s Mot. for Partial Summ. J. ("Defs.' Mem."), Dkt. [67] at 4 (objecting that affiant Linda Bobo "provides no basis for her apparent knowledge" of facts in the case and "had no real time involvement in the [building] project.").) However, as discussed below, Plaintiff filed suit against Clinecrete in the Superior Court of Banks County and obtained a final judgment against it, which awarded Plaintiff $67,189.51 for one set of materials delivered to the Property and $25,719.51 for another. (Pl.'s Br. in Supp. Mot. for Partial Summ. J. ("Pl.'s Br."), Ex. A-7 (Superior Court of Banks County Final Judgment), Dkt. [66-2] at 25-27 of 29.) This judgment constitutes prima facie evidence that Plaintiff in fact delivered materials to the Property in these amounts and that the materials were used in the projects thereon. Tri-State Culvert Mfg., Inc. v. Crum et al., 228 S.E.2d 403, 406 (Ga. Ct. App. 1976). Any lack of personal

2

Clinecrete failed and refused to pay for the aforementioned materials. (Id. ¶¶ 3, 8.) On October 5, 2006, Plaintiff filed a Materialman's Lien against the Property for the amount of $67,499.51,[3] and on October 11, 2006, filed another Materialman's Lien against the Property for the amount of $25,719.51 (collectively, the "liens"). (Id. ¶¶ 4, 9.) On November 3, 2006, Defendant Federal Insurance Company ("Federal"), as Surety for Defendant Cleveland Construction, Inc. ("CCI"), issued Mechanic's Lien Release Bond No. 8203-67-66 to bond off the first lien and on November 22, 2006, issued Mechanic's Lien Release Bond No. 8203-67-68 to bond off the second lien (collectively, the "bonds"). (Id. ¶¶ 5, 10.) Defendant CCI is the principal under both bonds. (Id.)

On March 7, 2007, Plaintiff filed suit against Clinecrete in the Superior Court of Banks County to recover the amounts referenced above and perfect its claims of lien. (Id. ¶ 11.) On March 23, 2009, Plaintiff obtained a final judgment against Clinecrete, awarding Plaintiff the principal sum of $67,189.51

---

knowledge Linda Bobo may have of these events thus is immaterial.

[3] Plaintiff states that the value of the first set of materials delivered to the Property was $67,189.51, and this is the amount Plaintiff seeks to recover in this case. However, the first Materialman's Lien itself claims to be to the amount of $67,499.51. (Pl.'s Br., Ex. A-1 ("Materialman's Lien"), Dkt. [66-2] at 15 of 29.)

3

for the first set of building materials and the principal sum of $25,719.51 for the second. (Id. ¶ 12; Pl.'s Br., Ex. A-7 (Superior Court of Banks County Final Judgment), Dkt. [66-2] at 25-27 of 29.) Plaintiff subsequently demanded payment in these amounts from Defendant Federal, pursuant to the bonds referenced above. (Pl.'s SMF, Dkt. [66-1] ¶¶ 13-14.) Defendant Federal denied Lafarge's claims under the bonds (id. ¶ 15), and this suit followed.

Plaintiff now moves for partial summary judgment in the amount of $92,909.02 ($67,189.51 plus $25,719.51) against Defendants under the bonds. (Pl.'s Br., Dkt. [66-2] at 8.) In support of its motion, Plaintiff argues as follows:

> Lafarge fully complied with the requirements of [Georgia's lien statute] with respect to its Liens and therefore is entitled to recover on the Bonds that Defendant Federal posted to provide security for Lafarge's Liens. . . . Lafarge complied with its contract to provide building materials to its customer, Michale [sic] B. Cline d/b/a Clinecrete. It was not paid for the building materials. Accordingly, it timely filed Liens in the Superior Court of Dekalb County, it provided copies of the Liens by certified mail to the owner of the Property, . . . it filed suit against Michael B. Cline d/b/a Clinecrete within the required time frame, it filed "Notices of Suit Filed" within the required time frame, . . . and obtained a judgment against Michael B. Cline d/b/a Clinecrete on the underlying obligation.

(Id. at 7-8.)

4

Defendants, on the other hand, contend that genuine issues of material fact preclude entry of summary judgment in favor of Plaintiff under the bonds in the amount Plaintiff requests. Defendants first argue that genuine issues of fact exist regarding "the amount and value of building materials incorporated into the projects" on the Property. (Def.'s Mem., Dkt. [67] at 3.) To this end, and as stated in footnote 2, supra, Defendants argue that the affidavit of Plaintiff's Lien and Legal Manager, Linda Bobo, is insufficient evidence of the value of the building materials delivered to the Property because the affiant, Bobo, lacks personal knowledge of the projects at issue and the amount of materials supplied by Plaintiff. (Id. at 3-4.)

Second, Defendants argue that genuine issues of material fact exist regarding the amount Plaintiff already has been paid in satisfaction of its claims and, therefore, the amount Plaintiff is entitled to recover under the bonds. (Id. at 5.) In particular, Defendants contend that "CCI issued a joint check to [Plaintiff] and Clinecrete in the amount of $65,556.84" and thus that "[Plaintiff] has already been paid over $65,000." (Id. at 5.) This argument appears to be the thrust of Defendants' opposition to the motion for summary judgment. (See id. at 2 ("The parties have been unable to settle their differences. At the center

5

of the controversy is a two party check issued by CCI to Clinecrete and Lafarge. CCI has continuously taken the position that the amount of the check ($65,556.84) should be offset against the total amount of the bond claims. Lafarge maintains that it never received the check and therefore disputes any attempts to deduct the amount of the check.").) Finally, Defendants argue that Lafarge executed two separate waivers of its rights to lien or claim for materials or labor furnished on or before May 30, 2006 and that the amount Plaintiff seeks to collect on the bonds fails to take these waivers into account. (Id. at 6-7.) The Court considers these arguments below.

## Discussion

**I.     Summary Judgment Legal Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

6

of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

AO 72A
(Rev.8/82)

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**II.    Analysis**

The Court's analysis of Plaintiff's Motion for Partial Summary Judgment [66] must begin with the final judgment obtained by Plaintiff in the Superior Court of Banks County, which awarded Plaintiff $92,909.02 for the two sets of materials that Plaintiff supplied to Michael B. Cline d/b/a Clinecrete for use on the Property (i.e., $67,189.51 for the first set of materials and $25,719.51 for the second). (Pl.'s Br., Ex. A-7 (Superior Court of Banks County Final Judgment), Dkt. [66-2] at 25 of 29.) As both parties agree, the effect of this judgment is to establish prima facie that Plaintiff has a valid claim against Defendants for the amount of the judgment. Tri-State Culvert Mfg. Inc., 228 S.E.2d at 405-06. Accordingly, the burden shifts to Defendants "to introduce evidence sufficient to rebut the correctness of the judgment." Id. at 406.

As stated above, Defendants advance three arguments in an attempt to show that Plaintiff is not entitled to summary judgment in the full amount of the final judgment. First, Defendants argue that the affidavit of Linda Bobo is insufficient evidence of the value of materials delivered to the Property because Bobo lacks personal knowledge of the projects at issue. (See Def.'s Mem., Dkt. [67] at 3-4 ("Lafarge alleges . . . that it supplied over $92,000 in building materials and that all of the material it supplied was incorporated into the project. However, it presents only the testimony of Linda Bobo, its Lien and Legal Manager. . . . Ms. Bobo provides no basis for her apparent knowledge. As Lien and Legal Manager, Ms. Bobo had no real time involvement in the project.").) This argument fails. As stated immediately above and in footnote 2, supra, the final judgment establishes prima facie that Plaintiff delivered materials in the amount of $92,909.02 to the Property and that the materials were used in the projects thereon. Thus, the affidavit of Linda Bobo is not necessary to establish the value of the materials Plaintiff supplied, and any lack of personal knowledge that Bobo may have does not diminish Plaintiff's showing that it is entitled to recover the full amount of the judgment.

9

Second, Defendants argue that genuine issues of fact exist regarding the amount by which Plaintiff already has been paid in satisfaction of the final judgment, thus precluding summary judgment to Plaintiff in the full amount of the judgment. (Id. at 5.) Specifically, Defendants contend that Plaintiff has been paid $65,556.84–the amount of a joint check issued by Defendant CCI to Plaintiff and Clinecrete. (Id.) In support of this argument, Defendants produce a copy of the purported check. (Defs.' Mem., Ex. A, Dkt. [67] at 13.) The copy of the check is almost completely illegible but does appear to be in the amount of $65,556.84 and to have posted on July 25, 2006. (Id.) However, it is uncontroverted that Plaintiff's endorsement does not appear anywhere on the check, and there is no other evidence in the record that Plaintiff ever received any portion of the check's proceeds. Accordingly, Defendants have failed to put forward sufficient evidence to create a genuine issue of fact as to whether Plaintiff ever received the proceeds of this check. Defendants' second argument thus fails.

Third and finally, Defendants argue that Plaintiff executed two waivers of its rights to claim or lien for supplies delivered to the Property prior to May 30, 2006 and yet failed to apply those waivers to certain invoices preceding this

10

date. (Id. at 6-7.) In other words, Defendants argue that the final judgment amount includes the value of invoices that precede May 30, 2006, which invoices Plaintiff contractually agreed to waive and which therefore should not be included in the amount Plaintiff seeks to recover. The Court agrees with Defendants that genuine issues of fact exist regarding the extent to which Defendants have received credit for the waivers executed by Plaintiff. In light of this fact issue, Plaintiff is not entitled to summary judgment in the full amount of $92,909.02.

In sum, the Court finds as a matter of law that the amount of the final judgment conclusively establishes the value of materials that Plaintiff delivered to the Property and that the materials were incorporated into the improvements thereon. The Court further finds as a matter of law that Plaintiff did not receive any portion of the proceeds of the $65,556.84 joint check that Defendant CCI issued to Plaintiff and Clinecrete; accordingly, the recovery to which Plaintiff is entitled shall not be offset by this amount. However, the Court also finds that a genuine issue of material fact exists regarding whether, or the extent to which, Defendants have received credit for Plaintiff's waivers and thus whether Plaintiff's recovery should be offset by some amount. In light of this fact

11

question, the Court cannot find as a matter of law that Plaintiff is entitled to recover the full amount of $92,909.02. Plaintiff's Motion for Partial Summary Judgment [66] therefore is due to be denied.

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Partial Summary Judgment [66] is **DENIED**. The parties are **ORDERED** to undergo mediation regarding the only fact issue that exists in this case–whether Defendants have been credited fully for the waivers executed by Plaintiff or whether the effect of the waivers is to reduce the amount Plaintiff is entitled to recover from Defendants. The mediation may be conducted by an agreed-upon third-party neutral, a third-party neutral appointed by the Court, or a Magistrate Judge appointed by the Court. The parties **SHALL** inform the Court in writing within two weeks of the date of entry of this Order of their choice as between these alternatives.

**SO ORDERED**, this 29th day of June, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)